# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9611 | **DATE** | 12/5/2012 |
| **CASE TITLE** | Darryl E. Mickey (#2011-0110131) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. Furthermore, the plaintiff's complaint is dismissed without prejudice for failure to state a claim. The plaintiff is directed to: (1) submit a renewed i.f.p. petition that includes copies of his jail trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from June 3, 2012, through December 3, 2012] and (2) submit an amended complaint. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition, an amended civil rights complaint form with instructions, and a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated his constitutional rights by subjecting his division to an unjustified lock down and by finding him guilty of an "invalid" disciplinary report.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition does not include copies of his jail trust fund ledgers for the relevant time period.

If the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 3, 2012, through December 3, 2012].

JJD

| STATEMENT (continued) |
|---|

Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Furthermore, the plaintiff's complaint fails to sufficiently state a claim.

The plaintiff alleges that his division was placed on lock down on February 3, 2012, for no reason. He alleges, in a conclusory manner, that this lock down violated his right to due process and his right to equal protection. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Mere labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff's minimal allegations as to the lock down fail to adequately state a claim.

The plaintiff also appears to be alleging that he was denied his right to due process for a disciplinary ticket that he received on February 7, 2012. However, he fails to indicate which of the identified defendants, if any, were allegedly involved in the denial of his right to due process. In addition, it does not appear that this claim is related to his claim regarding the unjustified lock down. Unrelated claims involving unrelated defendants must be brought in separate suits. *George v. Smith*, 507 F.3d 605, 606-07 (7th Cir. 2007). The two distinct claims appear misjoined.

Based on the above, the Court dismisses the complaint on file without prejudice. The plaintiff must submit an amended complaint on the Court's required form.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The Clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.