# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9611 | **DATE** | 2/15/13 |
| **CASE TITLE** | Darryl E. Mickey (#2011-0110131) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#8] is granted. The initial filing fee is waived. The Clerk is directed to reinstate the case. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. Plaintiff's amended complaint [7] is accepted. The Clerk is also directed to: (1) issue summonses for service of the amended complaint [7] on Defendants Superintendent Bratlien, Lieutenant Johnson, and Sergeant Wiggins; (2) dismiss Defendants Cook County Municipality, Sergeant Sevening, Sergeant Lewis, and Sheriff Dart; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**                                                                                    **Docketing to mail notices.**

## STATEMENT

    Plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's original motion for leave to proceed *in forma pauperis* was denied because it was incomplete and his complaint was dismissed without prejudice for failure to state a claim. Plaintiff has submitted a new motion for leave to proceed *in forma pauperis* and an amended complaint.

    According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints.

    Plaintiff alleges that on February 3, 2012, Superintendent Bratlien, Lieutenant Johnson, and Sergeant Wiggins placed his division on lock down for no reason on February 3, 2012. On February 7, 2012, Superintendent Bratlien told the detainees that they were placed on lock down because it is his division and he will do whatever he wants to do. That same day, all the detainees received a disciplinary report for flooding and/or "trashing" the day room area.

JJD

**STATEMENT (continued)**

On February 9, 2012, Plaintiff was found guilty of flooding and/or trashing the day room area. Plaintiff received thirty-five days in segregation and a requirement to pay $75 in restitution. Plaintiff alleges, in a conclusory manner, Jail administration has created a "silence" policy to "shut up the mentally ill detainees" by creating policies and procedures that violate the detainees' right to due process and the right to equal protection.

Plaintiff may proceed on his claim against Superintendent Bratlien, Lieutenant Johnson, and Sergeant Wiggins that he was denied due process by being placed on lock down for no reason. However, the remaining "claims" and Defendants are dismissed. Plaintiff's conclusory allegations that the administration is violating his right to due process and equal protection fails to state a claim. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Mere labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff's minimal allegations as to the lock down fail to adequately state a claim. In addition, Thomas Dart cannot be held liable merely because he is the Cook County Sheriff. Plaintiff makes no allegations against Sheriff Dart or some of the individuals named in the original complaint. Accordingly, Cook County Municipality, Sergeant Sevening, Sergeant Lewis, and Sheriff Dart are dismissed from this action.

Lastly, Plaintiff's claim regarding his the disciplinary ticket that he received on February 7, 2012, is *Heck* barred. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a prisoner seeking Section 1983 damages stemming from a prison disciplinary hearing that affected the fact or duration of confinement must first demonstrate that the disciplinary charges have been set aside).

The United States Marshals Service is appointed to serve Defendants Superintendent Bratlien, Lieutenant Johnson, and Sergeant Wiggins. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County Department of Corrections employee or contractor who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.